UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAMELLO RANDLE,<br><br>        Plaintiff,<br><br>   v.<br><br>CONTRA COSTA COUNTY SHERIFF'S DEPARTMENT, et al.,<br><br>        Defendants. | Case No. 23-cv-05456-JSC<br><br>**ORDER OF DISMISSAL WITH LEAVE TO AMEND** |

## INTRODUCTION

Plaintiff, an inmate currently housed in the Martinez Detention Facility ("MDF") of the Contra Costa County Jail who is proceeding without representation by an attorney, filed this civil rights complaint against the Contra Costa County Sheriff's Department, the MDF, and 15 individual MDF officials  He claims they violated his constitutional rights in a variety of ways at MDF.  Plaintiff's application to proceed *in forma pauperis* is granted in a separate order.  For the reasons explained below, the complaint is dismissed with leave to amend.

## STANDARD OF REVIEW

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a).  The Court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief."  *Id.* § 1915A(b).  Pleadings filed by unrepresented parties must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the

1   claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the
2   statement need only give the defendant fair notice of what the . . . . claim is and the grounds upon
3   which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations omitted). Although to state
4   a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to
5   provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a
6   formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must
7   be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*,
8   550 U.S. 544, 555 (citations omitted). A complaint must proffer "enough facts to state a claim for
9   relief that is plausible on its face." *Id.* at 570.

10   To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a
11   right secured by the Constitution or laws of the United States was violated, and (2) that the alleged
12   violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S.
13   42, 48 (1988).

## LEGAL CLAIMS

15   Plaintiff alleges he has been subjected to "physical and mental abuse, abuse of power,
16   dishonesty, violating my due process rights, violating policy rules, sexual assault, harassment,
17   excessive use of force, perjury, racial discrimination, racially prejudiced language, excessive,
18   illegal, cruel and unusual punishments, retaliation [for] writing grievances, excessive use of
19   force," interference with his mail, improper cell searches, deprivation of personal property, "illegal
20   disciplinary punishments," and deprivations of "constitutional rights/privileges." (ECF No. 1 at
21   15-17.) He seeks money damages. (*Id.* at 19-21.)

22   However, Plaintiff has not specifically linked any of the individual officers to any of the
23   alleged constitutional violations. Liability may be imposed on an individual defendant under 42
24   U.S.C. § 1983 if the plaintiff can show the defendant's actions or omissions caused the deprivation
25   of a federally protected right. *Lemire v. Cal. Dept. of Corrections & Rehabilitation*, 726 F.3d
26   1062, 1085 (9th Cir. 2013). A plaintiff must "set forth specific facts as to each individual
27   defendant's" actions or omissions that violated the plaintiff's rights. *Leer v. Murphy*, 844 F.2d
28   628, 634 (9th Cir. 1988). Even at the pleading stage, "[a] plaintiff must allege facts, not simply

1  conclusions, that show that an individual was personally involved in the deprivation of his civil
2  rights." *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998).  The complaint sets forth a
3  list of claims and a list of Defendants without alleging which specific Defendants were involved in
4  which constitutional violations or how they caused the violations to occur.  For Plaintiff's claims
5  to proceed, he must allege the specific actions each Defendant took or failed to take that caused a
6  violation of his rights, and he must do so for each and every claim and each and every Defendant
7  he wishes to include in his lawsuit.  Simply claiming Defendants violated his rights, without also
8  alleging the actions Defendants took or failed to take that caused those violations, is too
9  conclusory to state a claim that is capable of judicial review and determination.  Accordingly, the
10 claims must be dismissed.   He will be given leave to file an amended complaint to make fix this
11 problem, assuming he can to so in good faith.

12     Plaintiff is also cautioned that the Federal Rules of Civil Procedure limit which claims may
13 be joined into a single lawsuit.  "A party asserting a claim, counterclaim, cross-claim, or third-
14 party claim may join, as independent or alternative claims, as many claims as it has against an
15 opposing party." Fed. R. Civ. P. 18(a).  When there are multiple defendants, they may be joined
16 in one action only "if any right to relief is asserted against them jointly, severally, or in the
17 alternative with respect to or arising out of the same transaction, occurrence, or series of
18 transactions or occurrences; and any question of law or fact common to all defendants will arise in
19 the action." *Id*. at 20(a)(2).  The upshot of these rules is that "multiple claims against a single
20 party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B
21 against Defendant 2." *George v. Smith,* 507 F.3d 605, 607 (7th Cir. 2007).  "Unrelated claims
22 against different defendants belong in different suits." *Id*.  "A buckshot complaint that would be
23 rejected if filed by a free person – say, a suit complaining that A defrauded plaintiff, B defamed
24 him, C punched him, D failed to pay a debt, and E infringed his copyright, all in different
25 transactions – should be rejected if filed by a prisoner." *Id*.  Here, the complaint is a general
26 laundry list of things that have happened to Plaintiff at MDF.  He has not provided any specific
27 facts, such as the date and location of the incidents, who was involved, or what transactions and
28 occurrences took place.  Plaintiff may include in his amended complaint multiple claims against

1  multiple defendants as long as such claims arise out of a single transaction or occurrence.  He may
2  include additional claims arising from other transactions and occurrences, but only if these
3  additional claims are *against those same Defendants.*

4  In his complaint, Plaintiff also requests appointment of counsel.  There is no right to
5  counsel in a civil case such as this.  *See Lassiter v. Dep't of Social Services*, 452 U.S. 18, 25
6  (1981).  The decision to request counsel to represent an indigent litigant under 28 U.S.C. § 1915 is
7  within "the sound discretion of the trial court and is granted only in exceptional circumstances."
8  *Franklin v. Murphy*, 745 F.2d 1221, 1236 (9th Cir. 1984).  It is not yet clear whether Plaintiff has
9  any claim that is capable of judicial and determination under 42 U.S.C. § 1983.  Nor has Plaintiff
10 shown any exceptional circumstances warranting a request for counsel to represent him in this
11 case.

## CONCLUSION

13 For the reasons explained above,

14 1. The complaint is DISMISSED WITH LEAVE TO AMEND.  Plaintiff shall file an
15 amended complaint on or before **March 7, 2024**.  The amended complaint must include the
16 caption and civil case number used in this order (No. C 23-5456 JSC (PR)) and the words
17 "COURT-ORDERED FIRST AMENDED COMPLAINT" on the first page.  Because an amended
18 complaint completely replaces the original complaint, *see Ferdik v. Bonzelet*, 963 F.2d 1258, 1262
19 (9th Cir. 1992), Plaintiff may not incorporate material from the original by reference; he must
20 include in his amended complaint all the claims he wishes to pursue, including the claims against
21 Defendant M. Avila.  <u>If Plaintiff fails to file an amended complaint within the designated time, or
22 if the amendment is not sufficient, the case will be dismissed.</u>

23 //
24 //

2. It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address." He also must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). Reasonable requests for an extension of a deadline will be allowed upon a showing of good cause if the request is filed prior to the deadline.

**IT IS SO ORDERED.**

Dated: February 6, 2024

JACQUELINE SCOTT CORLEY
United States District Judge